NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————— :
KONINKLIJKE PHILIPS ELECTRONICS : 
N.V., :
 :        Civil Action No. 11-3684 (ES)(MAH)
            Plaintiff, :
 :                 MEMORANDUM
        v. :          OPINION & ORDER
 :
HUNT CONTROL SYSTEMS, INC., :
AN ASSUMED TRADE NAME FOR :
CARIBE CORPORATION, :
 :
        Defendant/Counterclaimaint. :
———————————————————————— :

SALAS, DISTRICT JUDGE

Defendant Hunt Control Systems, Inc. ("Hunt") appeals an Order and Opinion by Magistrate Judge Clark.  (D.E. No. 122).  On April 16, 2014, Judge Clark granted Plaintiff Koninklijke Philips N.V.'s ("Philips") Motion for a Protective Order against Hunt's notice of a Rule 30(b)(6) deposition directed at Philips's ability to search and produce electronically stored information (ESI).  (D.E. No. 117).  For the reasons below, Hunt's appeal is DENIED.

I.     BACKGROUND

This case was originally assigned to Magistrate Judge Dickson, and was transferred to Magistrate Judge Clark in August 2013.  It was transferred to Magistrate Judge Hammer in April 2014.  (D.E. No. 116).

As the Court writes for the parties involved, it will review the facts briefly.  This is a trademark action in which Philips asks the Court to reverse a decision by the U.S. Patent and

Trademark Office's Trademark Trial and Appeal Board.  The Board sustained Hunt's opposition and denied Philips's registration of the tagline "Sense and Simplicity."  Hunt's registered tagline is "Simplicity."  (*See* D.E. No. 1).

For the past two years, the parties have engaged in discovery disputes regarding Philips's ability to search and produce ESI.  Hunt first interviewed a Philips employee regarding Philips's ESI practices in March 2012.  (D.E. No. 124 at 5).  Nine months later, in December 2012, Hunt noticed a 30(b)(6) deposition directed toward Philips's information technology (IT) capabilities.  (*Id.*).  In an order addressing several discovery disputes, Judge Dickson stayed the IT deposition, and instead instructed Hunt to send Philips a letter with no more than eight questions regarding Philips's IT capabilities that Hunt alleges were not answered during the March 2012 interview.  (D.E. No. 53 at 4).  Judge Dickson instructed Philips to respond to the eight questions in writing, and granted Hunt permission to "re-apply [for the 30(b)(6) deposition] once the parties have met and conferred in good faith."  (*Id.*).

Hunt reissued its notice of a 30(b)(6) IT deposition in November 2013, following the completion of Philips's initial document production.  (D.E. No. 95 at 6).  Philips objected in a letter to Judge Clark, arguing that an IT deposition "is untimely and unnecessary."  (D.E. No. 80 at 3).  Hunt responded, and submitted the declaration of Sean McNeill, an IT professional for The Microsoft Consulting Company, who opined that Philips can easily run searches across its company without custodian-based searching or disruption of service.  (D.E. No. 84 at 16-17).  Philips countered with its own declarations from Phil Fedele (the Philips employee initially interviewed by Hunt in March 2012) and Tom Matzen (Philips's e-discovery consultant), who disputed Mr. O'Neill's assertions regarding the feasibility of a cross-company search.  (D.E. No.

2

85).

On January 27, 2014, Judge Clark ordered Philips to file a formal motion for a protective order against Hunt's 30(b)(6) IT deposition. (D.E. No. 88 at 1-2). After reviewing the parties' briefs and accompanying declarations and exhibits, Judge Clark granted Philips's motion for a protective order. (D.E. No. 117). Hunt filed the present appeal. (D.E. No. 122).

## II. DISCUSSION

### A. Standard of Review

Generally, a district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

When an appeal "seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion' standard, must be applied." *Salamone v. Carter's Retail Inc.*, No. 09–5856, 2012 WL 821494, at *4 (D.N.J. Mar. 9, 2012); *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) ("[M]any matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). "The deferential standard of review is particularly appropriate in a case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, No. 12-2981, 2014 WL 3573339, at

3

*1 (D.N.J. July 21, 2014) (citing *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

Because the present appeal concerns a discovery dispute, which is squarely within the magistrate judge's purview, the Court reviews for abuse of discretion.  Though the Court recognizes that Judges Dickson and Clark shared management of the case, it is satisfied that Judge Clark had thorough knowledge of the proceedings, and that an abuse-of-discretion analysis is suitable.  In any event, the Court finds that Judge Clark's opinion would stand under either the "clearly erroneous" or "abuse of discretion" standard.

**B. The Magistrate's April 16, 2014 Order Granting Philips's Motion for a Protective Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to the Law**

       i.   *Legal Standard for Protective Orders*

Judge Clark's Opinion and Order granting Philips's motion for a protective order was not contrary to law or an abuse of discretion.  A court may enter a protective order limiting discovery, including a deposition, for "good cause."  *See Cipollone*, 785 F.2d at 1121.  Accordingly, the Court may deny a discovery request if, after considering the following factors, the Court finds it likely that the burden of the discovery would outweigh its benefits: (i) the unreasonably cumulative or duplicative effect of the discovery, (ii) whether the party seeking discovery had ample opportunity to obtain the information by other discovery, and (iii) the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C); *see also A&B Ingredients, Inc. v. Hartford Fire Ins. Co.*, No. 8-6264, 2010 WL 335616, at *4 (D.N.J. Jan. 29, 2010).  This rule aims "to guard against redundant or disproportionate discovery by giving the

court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989). Discovery and relevance are broad but not boundless. *Id.*

        ii.   *The Parties' Positions*

Hunt argues that the Court should reverse Judge Clark's Order granting Philips's Motion for a Protective Order. (D.E. No. 122-1 at 11). Specifically, Hunt argues that Judge Clark "mistakenly concluded that [Hunt] was seeking to 'reopen the door to the collection of ESI discovery.'" (D.E. No. 122-1 at 9). Hunt further argues that Judge Clark determined that Hunt failed to demonstrate that Philip's ESI production was insufficient without giving Hunt the chance to make a record of insufficiency through a 30(b)(6) deposition. (*Id.* at 9-10). Finally, Hunt argues that Judge Clark incorrectly conducted a "substantial burden" analysis by focusing on the burden of discovery stemming from a 30(b)(6) deposition, rather than focusing on the burden of the deposition itself. (*Id.* at 10).

Philips responds that the Court should uphold Judge Clark's decision because there was no abuse of discretion. (D.E. No. 124 at 2). Philips argues that Hunt failed to show that Philips's production of ESI was materially deficient, and further failed to show that an IT deposition would yield any meaningful additional information. (*Id.* at 17-18). Philips also states that Hunt's notice of an IT deposition was unauthorized and untimely, given Judge Dickson's instruction that Hunt may "reapply" for the deposition. (*Id.* at 19-20). According to Philips, Judge Dickson's instruction to "reapply" did not constitute leave to issue an IT deposition notice without first seeking the Court's permission. (*Id.*). The Court will not address Philips's timeliness argument because it affirms on other grounds.

5

iii.   *Judge Clark's Opinion*

Judge Clark's findings support the conclusion that "good cause" existed to grant Philips's

Motion for a Protective Order, and his Opinion and Order was not clearly erroneous or an abuse

of discretion.

First, the Court disagrees with Hunt that Judge Clark "mistakenly concluded that [Hunt]

was seeking to 'reopen the door to the collection of ESI discovery.'"  (D.E. No. 122-1 at 9).

Despite Hunt's protestations, the record reflects that Hunt had two fulsome opportunities to

probe Philips's ESI capabilities—during its initial interview of Mr. Fedele, and through the eight

follow-up questions issued to Philips.  Though Hunt correctly notes that Judge Dickson gave

Hunt permission to reapply for an IT deposition, the "reapplication" effectively occurred through

briefing on Philips's Motion for a Protective Order.  Thus, while the Court does not disagree that

"Judge Dickson always made it abundantly clear that the ESI discovery door was always

'open,'" Judge Dickson's position did not preclude Judge Clark from finding (a year later) that

the door had closed.  Judge Clark specifically found that "Philips has made adequate

representations to this Court that its approach to conducting and gathering ESI is reasonable."

(D.E. No. 117 at 6).  This finding weighs toward the duplicative nature of the discovery Hunt

seeks, and ultimately toward the conclusion that there was "good cause" for granting Philips's

protective order.

Second, the Court disagrees with Hunt that Judge Clark "declared the winner before the

race was even run" by determining that Hunt failed to demonstrate that Philips's ESI production

was insufficient.  Hunt asserts that Judge Clark's Order "deprived Hunt of the ability to make a

record of Philips's materially deficient ESI production," but ignores the extensive record already

6

created on that issue.  In addition to Hunt's interview of Philips and the eight questions ordered by Judge Dickson, the parties have submitted the declarations of Sean O'Neill, Phil Fedele, and Thomas Matzen—all on the topic of Philips's ESI capabilities.  Again, Judge Clark's finding indicates the duplicative nature of the discovery sought, as well Hunt's opportunity to obtain the information by other discovery.

Third, while the Court agrees with Hunt that the proper "burden" inquiry must focus on the burden of the deposition itself (rather than the burden posed by the mere *possibility* of opening the door to more discovery), Philips has demonstrated the burden posed by the IT deposition alone.  For example, in its opposition to Hunt's appeal, Philips states that "forcing Philips to prepare for and attend an IT Deposition to explore the same information Hunt already has learned multiple times from multiple sources . . . would be futile, wasteful, and hence burdensome."  (D.E. No. 124 at 21).  Though Judge Clark mentions the continued burden that Philips might endure if the IT deposition opens the door to additional discovery (D.E. 114 at 7), the Court does not find that he applied the "burden" analysis erroneously, and, in any event, the Court is satisfied that the record reflects the unnecessary burden that Philips would incur from an IT deposition.

## III.   CONCLUSION

For the foregoing reasons, Hunt's motion appealing the Opinion and Order of Judge Clark is DENIED.


*/s/Esther Salas*
**Esther Salas, U.S.D.J.**

7