**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500

**KELLY IP, LLP**
1919 M Street, NW
Suite 610
Washington, DC 20036
(202) 808-3570

*Attorneys for Plaintiff*
*Koninklijke Philips N.V.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>HUNT CONTROL SYSTEMS, INC., AN ASSUMED TRADE NAME FOR CARIBE CORPORATION,<br><br>Defendant/Counterclaimant. | Civil Action No. 11-3684 (ES) (MAH)<br><br>*Document Electronically Filed*<br><br>[~~PROPOSED~~]<br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER ON RENEWED MOTION TO SEAL** |

    **THIS MATTER** having been brought before the Court by Plaintiff/Counter-Defendant Koninklijke Philips N.V. ("Philips"), by and through their attorneys, Gibbons P.C. and Kelly IP, LLP, for an Order sealing materials pursuant to Local Civil Rule 5.3; and a Discovery Confidentiality Order having been entered in this case on August 27, 2012 (ECF No. 38); and the Court having reviewed the submissions in support of the Renewed Motion to Seal; the following shall constitute the findings of fact and conclusions of law and the Order of the Court:

## FINDINGS OF FACT

1. During the course of discovery to date, the parties have designated various materials as "Confidential" and "Attorneys Eyes' Only" under the terms of the Discovery Confidentiality Order entered on August 27, 2012. *See* ECF No. 38.

2. On August 21, 2014, Philips filed a joint letter and exhibits on behalf of both parties. In connection with that filing, Philips filed materials under seal that have been designated as confidential. The materials filed under seal are located at docket entry ECF No. 134.

3. Specifically, Philips seeks to seal portions of the rough draft of the transcript from the deposition of LeVerda Wallace, Senior Director Finance and Treasury for Philips North America, which was attached as Exhibit D to the parties August 21, 2014 joint letter and located at docket entry ECF No. 134-4.

4. The materials filed under seal contain and/or reference confidential information regarding Philips' financial data and performance that has been designated as confidential under the Discovery Confidentiality Order entered by Magistrate Judge Dickson on August 27, 2012, pursuant to Local Civil Rule 5.3(b)(1). *See* ECF No. 38. In support of the entry of the Discovery Confidentiality Order, Philips filed a declaration from Edward W. Goodman, Esq., Senior Intellectual Property Counsel for Philips, satisfying the requirements of Local Civil Rule 5.3(b)(2). *See* ECF No. 37-2.

5. If the content of above-referenced portions of the filed materials were publicly disclosed, it would violate the confidentiality interests of Philips and would cause serious harm.

6. Public disclosure of the subject information would serve no legitimate purpose nor would it aid in promoting fairness or efficiency among the parties to this action.

#2221954 v1
105693-74474

7. Philips has complied with the terms of the Discovery Confidentiality Order by moving to file an unredacted version of the materials under seal pursuant to Local Civil Rule 5.3.

8. Philips has complied with Local Civil Rule 5.3 by filing a redacted public version of the Wallace deposition transcript with the Renewed Motion to Seal. There is no less restrictive means for preserving the confidentiality of this information.

## CONCLUSIONS OF LAW

9. There is a presumptive common law right of public access to all material filed in connection with judicial proceedings. Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 660-62 (3d Cir. 1991).

10. The right of access to judicial records is not absolute. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).

11. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. See, e.g., Leucadia, 998 F.2d at 166 (citing Westinghouse, 949 F.2d at 663).

12. While the party seeking protection has the burden of demonstrating that it is entitled to protection, courts will find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994).

13. The Court finds that good cause exists for protecting Philips' confidential financial information.

14. The interests of Philips warrant entry of an Order to Seal Philips' confidential financial information.

15. The interests of the public that warrant entry by the Court of this Order to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure of confidential information as a condition of litigating their rights. No interest of the public warrants disclosure of the confidential information sealed by this Order to Seal.

16. Should this Order to Seal not be entered, Philips' confidential information would be available for public consumption, thereby potentially subjecting Philips to competitive harm.

17. The Court finds that the information contained in or referenced by the materials filed under seal satisfies the standards set forth in Local Civil Rule 5.3.

18. There is no less restrictive means for preserving the confidentiality of this information.

IT IS this 6th day of July, 2015,

[D.E. 169]

**ORDERED** that Philips' Motion to Seal be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain under seal the materials located at docket entry ECF No. 134.

_____
Hon. Michael A. Hammer, U.S.M.J.

#2221954 v1
105693-74474