UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br><br>　　Plaintiff/Counterclaim Defendant, <br><br>v. <br><br>HUNT CONTROL SYSTEMS, INC., AN ASSUMED TRADE NAME FOR CARIBE CORPORATION, <br><br>　　Defendant/Counterclaim Plaintiff. | Civil Action No. 11-3684 (SRC) (CLW) <br><br>*Document Electronically Filed* <br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER ON MOTION TO REDACT AND SEAL** |

**THIS MATTER** having been brought before the Court by the parties, by and through their respective undersigned attorneys, for an Order sealing materials pursuant to Local Civil Rule 5.3; and a Discovery Confidentiality Order having been entered in this case on August 27, 2012 (ECF No. 38); and the Court having reviewed the submissions in support of the Motion to Redact and Seal; the following shall constitute the findings of fact and conclusions of law and the Order of the Court:

### FINDINGS OF FACT

1.　During the course of discovery in this action, the parties obtained discovery from non-parties, including non-party Legrand North America ("Legrand"). On January 28, 2014, Plaintiff/Counterclaim Defendant Koninklijke Philips N.V. ("Philips") took the deposition of Legrand through Legrand's designee, Donald R. Torrant. During that deposition, Legrand marked various portions of that transcript (the "Torrant Deposition Transcript") as confidential pursuant to the terms of the Discovery Confidentiality Order.

2.　On the morning of June 12, 2017, Philips read portions of the Torrant Deposition Transcript into the trial record. Philips also entered a copy of those portions of the Torrant

Deposition Transcript into the record as trial exhibit KPTX-509.

3. The parties seek to seal sections of the June 12, 2017 Morning Session trial transcript (ECF No. 306) and the corresponding trial exhibit KPTX-509 containing information that Legrand has designated confidential.

4. The materials sought to be sealed contain and/or reference confidential information regarding Legrand's marketing materials and strategies that has been designated confidential under the Discovery Confidentiality Order. Legrand has provided a declaration from Donald R. Torrant, satisfying the requirements of Local Civil Rule 5.3(c)(3), that identifies the nature of the materials at issue, the legitimate interests which warrant maintaining the confidentiality of the information, the clearly defined and serious injury to Legrand if the relief sought is not granted, and why a less restrictive alternative to the relief sought is not available.[1]

5. If the content of above-referenced portions of the filed materials were publicly disclosed, it would violate the confidentiality interests of Legrand and would cause serious harm.

6. Public disclosure of the subject information would serve no legitimate purpose nor would it aid in promoting fairness or efficiency among the parties and non-parties to this action.

7. There is no less restrictive means for preserving the confidentiality of this information.

## CONCLUSIONS OF LAW

8. There is a presumptive common law right of public access to all material filed in connection with judicial proceedings. Republic of the Philippines v. Westinghouse Elec. Corp.,

---

[1] In addition to sections of the transcript, the declaration of Donald R. Torrant also identifies a deposition exhibit (Exhibit H from the deposition of Donald R. Torrant) that Legrand seeks to remain confidential. That exhibit, however, was not entered into evidence at trial and is not part of the record before this Court, so an order sealing that exhibit is not necessary. See June 12, 2017 Afternoon Session Trial Tr. 3:15-21.

949 F.2d 653, 660-62 (3d Cir. 1991).

9. The right of access to judicial records is not absolute. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).

10. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. See, e.g., Leucadia, 998 F.2d at 166 (citing Westinghouse, 949 F.2d at 663).

11. While the party seeking protection has the burden of demonstrating that it is entitled to protection, courts will find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994).

12. The Court finds that good cause exists for protecting Legrand's confidential marketing information.

13. The interests of the parties warrant entry of an Order to Seal Legrand's confidential marketing information.

14. The interests of the public that warrant entry by the Court of this Order to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure of confidential information as a condition of litigating their rights. No interest of the public warrants disclosure of the confidential information sealed by this Order to Seal.

15. Should this Order to Seal not be entered, Legrand's confidential information would be available for public consumption, thereby potentially subjecting it to competitive harm.

16. The Court finds that the information sought to be sealed satisfies the standards set forth in Local Civil Rule 5.3.

17. There is no less restrictive means for preserving the confidentiality of this information.

IT IS this 31st day of July, 2017,

ECF No. 313

**ORDERED** that the Joint Motion to Redact and Seal be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the following sections of the trial transcript and corresponding trial exhibit are hereby sealed:

| Trial Transcript June 12, 2017 Morning Session (ECF No. 306) [page:line #] | Trial Exhibit KPTX-509 Transcript of Deposition of Donald R. Torrant [page:line #] | Words Surrounding Sections of Transcripts Sought to be Redacted/Sealed |
|---|---|---|
| 68:16 | 10:3 | "were . . . views" |
| 70:4 | 12:8 | "Yes . . . copies" |
| 70:9 | 12:14 | "still . . . in" |
| 70:9 | 12:14 | "it's . . . minus" |
| 70:9 | 12:14 | "minus . . . . So" |
| 70:10 | 12:15 | "approximately . . . were" |
| 71:12 | 15:3 | "is . . . downloads" |
| 71:24 | 17:3 | "is . . . ." |
| 75:18 | 25:18 | ". . . were" |
| 76:23 | 27:19 | "than . . . salespeople" |
| 76:25 | 28:2 | "around . . . people" |
| 77:1 | 28:4 | "approximately . . . people" |
| 79:20-21 | 35:3 | "was . . . . The" |
| 79:22 | 35:4 | "was . . . and" |
| 79:23 | 35:5 | "was . . . ." |
| 81:23 | | "to . . . people" |
| 83:2 | | "of . . . salespeople" |

_____
Hon.

SUBMITTED WITH CONSENT OF COUNSEL:

s/ Brian J. McMahon
Brian J. McMahon
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Tel: 973-596-4500
Fax: 973-596-0545
bmcmahon@gibbonslaw.com
jlower@gibbonslaw.com

David M. Kelly (*pro hac vice*)
Robert D. Litowitz (*pro hac vice*)
Stephanie H. Bald (*pro hac vice*)
**KELLY IP, LLP**
1919 M Street, NW
Suite 610
Washington, DC 20036
Tel: 202-808-3570
Fax: 202-354-5232

*Attorneys for Plaintiff/Counterclaim Defendant Koninklijke Philips N.V.*

s/ Gerald Krovatin
Gerald Krovatin
**KROVATIN KLINGEMAN LLC**
60 Park Place, Suite 1100
Newark, NJ 07102
Tel: 973-424-9777
Fax: 973-424-9779
gkrovatin@krovatin.com

Luke Santangelo (*pro hac vice*)
**SANTANGELO LAW OFFICES, P.C.**
125 S. Howes St., 3rd Floor
Fort Collins, CO 80521
Tel: 970-224-3100
Fax: 970-224-3175

*Attorneys for Defendant/Counterclaim Plaintiff Hunt Control Systems, Inc., an assumed trade name for Caribe Corporation*